IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA MOODY, | ) | CASE NO. 14-CV-2063 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| LORAIN METROPOLITAN HOUSING AUTHORITY, et. al, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendant's, Lorain Metropolitan Housing Authority's, (hereafter "LMHA"), Motion for Summary Judgment (ECF #37). Plaintiff, Barbara Moody, (hereafter "Moody"), filed a Complaint against LMHA alleging violations of the Fair Housing Act, 42 U.S.C. §3601 et seq., (hereafter referred to as "the FHA") and Ohio Revised Code §4112.02(H).[1] Moody filed a Memorandum in Opposition to the Motion for Summary Judgment, (ECF #43), and Defendant filed a Response Brief. (ECF #50). Therefore, the issues have been fully briefed and are ripe for review. For the reasons set forth herein, LMHA's Motion for Summary Judgment is DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if its resolution will affect the outcome of

---

[1] Plaintiff's Complaint also set forth a claim of conversion against Defendants Harry and Heather Gongloff and Gongloff Properties. This Court granted a Joint Motion to Dismiss these Defendants on September 17, 2015.

the lawsuit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they many reasonably be resolved in favor of either party." *Id*. at 250.  It is with these standards in mind that the instant Motion must be decided.

At all times relevant herein, Moody was a tenant in a house located at 2363 Kelly Place, Lorain, Ohio (hereafter "Kelly Place").  This house was owned by Gongloff Properties and Moody's rent was partially paid through the LMHA's housing choice voucher program.  Plaintiff claims that she is considered handicapped under the FHA, and provided medical documentation to LMHA indicating several medical conditions, including advanced osteoarthritis in her hips.  Plaintiff alleges that she was improperly denied reasonable accommodations by LMHA when she was not provided with a single-story residence as necessitated by her condition.

Defendant argues that Moody cannot prove that she was denied reasonable accommodations because she cannot satisfy the "necessity-causality" element under the FHA. (ECF #37, p. 16).  Defendant claims that the Kelly Place property was used by Plaintiff as a single-story unit, and therefore, should be considered reasonable.  (*Id*. at  p. 15).  Defendant also alleges that Plaintiff's "request to move was not motivated by her alleged handicap, but rather, was prompted by her unfounded fear that the bedbug infestation at the Kelly Place Property had not been eradicated." (Id. at p. 18).

Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that both parties have established that there is some evidence to support their respective positions in this lawsuit.  Plaintiff has provided some

evidence to meet the required elements of an FHA discrimination claim against LMHA for failing to provide reasonable accommodations, and LMHA has provided some evidence that supports its defense that it acted in a non-discriminatory manner.  Therefore, genuine issues of material fact exist which make summary judgment inappropriate in this case.  Accordingly, Defendant's Motion for Summary Judgment (ECF #37) is DENIED.  This case remains set for jury trial at 8:30 a.m. on February 16, 2016.

      IT IS SO ORDERED.

                                          /s/ Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: January 5, 2016